IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **CABIN FOODS, LLC**, a limited liability company organized under the laws of Texas, and **CABIN FOODS, LLC**, a limited liability company organized under the laws of California, | §§§§§§§ |
| Plaintiffs, | §§ |
| v. | § EP-11-CV-318-KC |
| | § |
| **RICH PRODUCTS CORPORATION**, | §§§ |
| Defendant. | § |

### ORDER

On this day, the Court considered Defendant Rich Products Corporation's "Motion to Dismiss Affirmative Defense of Inequitable Conduct" ("Motion"), ECF No. 11. For the reasons set forth herein, the Motion is **GRANTED**.

Further, the Court construes Plaintiffs' response to the Motion as a motion for leave to amend. The Court **DENIES** Plaintiffs' motion for leave to amend without prejudice to refiling.

### I. BACKGROUND

Plaintiffs Cabin Foods, a limited liability company organized under the laws of Texas, and Cabin Foods, a limited liability company organized under the laws of California (collectively "Cabin Foods") are dessert manufacturing companies which produce a dessert topping mix called "Tres Leches de Mexico." Mot. 1; Def.'s Answer & Countercls. ("Counterclaims") ¶ 23, ECF No. 4. Defendant is a corporation that owns three patents for a pourable liquid dessert product: United States Patent No. 6,197,362 ("'362 patent"), United States Patent No. 6,569,485 ("'485

1

patent"), and United States Patent No. 7,449,208 ("'208 patent") (collectively the "patents"). Countercls. ¶¶ 25-28; Mot. 1. Defendant practices the claims of the patents by marketing and selling a dessert product called "Tres Riches." Mot. 1.

On August 2, 2011, Plaintiffs filed a complaint seeking a declaratory judgment that Plaintiffs have not infringed the '362, '485, and '208 patents. Compl. for Declaratory J. ("Complaint") ¶ 12, ECF No. 1. Additionally, Plaintiffs seek a declaration that the patents are invalid. Compl. ¶ 13. Defendant answered and filed counterclaims for direct infringement, indirect infringement, and unfair competition. Countercls. ¶¶ 52-70.

Plaintiffs' answer to Defendant's counterclaims asserts, inter alia, the affirmative defense of inequitable conduct. Pls.' Answer to Countercls. ("Answer") ¶ 57, ECF No. 10. In response, Defendant brought the instant Motion to dismiss Plaintiffs' inequitable conduct defense for failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See* Mot.

## II.   DISCUSSION

### A.   Standard

Defendant does not specify what procedural mechanism, if any, governs its Motion. However, the proper mechanism to challenge the sufficiency of an affirmative defense is a motion to strike under Rule 12(f). *See GE Capital Commercial, Inc. v. Worthington Nat'l Bank*, No. 3:09-CV-572-L, 2011 WL 5025153, at *1 (N.D. Tex. Oct. 20, 2011) (citing *United States v. Brink*, No. C-10-243, 2011 WL 835828, at *2, n.1 (S.D. Tex. Mar. 4, 2011); *Huffman v. Remstar Int'l, Inc.*, No. 4:08cv157, 2009 WL 1445967, at *1 (E.D. Tex. May 21, 2009)). Therefore, the Court construes Defendant's Motion as a Rule 12(f) motion to strike.

A Rule 12(f) motion to strike a defense is proper when the defense is insufficient as a matter of law. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057-58 (5th Cir. 1982). "What constitutes an insufficient defense depends upon the nature of the claim for relief and the defense in question." *EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980).

Typically, motions to strike are disfavored, and are granted only when the defense fails as a matter of law or fact, the defense is completely unrelated to the claims at issue, or the maintenance of the defense would prejudice the movant. *See Kaiser*, 677 F.2d at 1057-58; *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723-24 (E.D. La. 2011); *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 768 (N.D. Tex. 2002). A motion to strike may also be granted when a defense that is subject to the heightened pleading standard of Rule 9(b) fails to meet Rule 9(b)'s requirements. *See Bayer CropScience AG v. Dow AgroSciences LLC*, No. 10-1045, 2011 WL 6934557, at *1 (D. Del. Dec. 30, 2011); *Kimberly-Clerk Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. 09-C-0916, 2011 WL 679337, at *3 (E.D. Wisc. Feb. 16, 2011) (noting the inherent tension in motions to strike inequitable conduct defenses because motions to strike are disfavored, yet inequitable conduct must be pleaded with particularity); *Howmedica Osteonics Corp. v. Zimmer, Inc.*, No. 05-897, 2006 WL 2583275, at *1 (D.N.J. Sept. 5, 2006) ("Courts have stricken sections of pleadings when a party has not satisfied the requirements of Fed. R. Civ. P. 9(b).").

**B.    Analysis**

Defendant motions the Court to strike Plaintiffs' inequitable conduct defense and argues that leave to amend the Answer should not be permitted. Mot. 2-5; Reply 3-4. Plaintiffs, on the

3

other hand, claim their pleading is sufficient, and in the alternative, request leave to amend. Resp. 3-7. The Court considers the sufficiency of the inequitable conduct defense and Plaintiffs' request for leave to amend in turn.

### 1. Inequitable Conduct

Plaintiffs' inequitable conduct defense consists of one paragraph in the Answer:

> Defendant's claims are barred and alleged patents are invalid or unenforceable because of Defendant's fraudulent procurement of the alleged patents and inequitable conduct. On information and belief, Defendant made false representations to the United States Patent and Trademark Office, including declaring it was the original and first inventor of the Tres Leches pourable dessert mix despite prior public use of the invention, and failure to disclose prior arts.[1]

Answer ¶ 57.

Plaintiffs contend that this paragraph is sufficient to provide Defendant with adequate notice of Plaintiffs' affirmative defense. Resp. to Mot. to Dismiss Affirmative Defense of Inequitable Conduct ("Response") 2-3, ECF No. 13.[2] Defendant, on the other hand, argues that Plaintiffs

---

[1] Black's Law Dictionary provides a useful description of prior art: "Knowledge that is publicly known, used by others, or available on the date of invention to a person of ordinary skill in an art, including what would be obvious from that knowledge. . . . Prior art includes (1) information in applications for previously patented inventions; (2) information that was published more than one year before a patent application is filed; and (3) information in other patent applications and inventor's certificates filed more than a year before the application is filed. The U.S Patent and Trademark Office and courts analyze prior art before deciding the patentability of a comparable invention."
Black's Law Dictionary 126-127 (9th ed. 2009)

[2] Plaintiffs seem to have filed two responses to Defendant's Motion. *See* Resp.; Resp. to Mot. to Dismiss Affirmative Defense of Inequitable Conduct ("Alternative Response") 2-3, ECF No. 12. The only difference the Court can discern between the two filings is that the Response contains a Table of Contents, Table of Authorities, and Statement of Issues, while the Alternative Response does not. *Compare* Resp., *with* Alternative Resp. The Court therefore considers only the Response.

have failed to allege inequitable conduct's required elements with the specificity required by Rule 9(b).  Mot. 2-5.  The Court agrees.

Inequitable conduct occurs when a patent applicant or applicant's representative breaches his or her duty of good faith and candor by either misrepresenting or failing to disclose material information to the United States Patent and Trademark Office ("PTO").  *See* 37 C.F.R. § 1.56; *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 999 (Fed. Cir. 2007).[3]  A failure to disclose material prior art patents to the PTO, as is alleged here, may constitute inequitable conduct.  *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1234-35 (Fed. Cir. 2007).  If proven, inequitable conduct renders the entire patent — and occasionally, related patents — unenforceable.  *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288-89 (Fed. Cir. 2011).

The affirmative defense of inequitable conduct in patent law is subject to the heightened pleading standard of Rule 9(b).  *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009).  Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Thus, to meet Rule 9(b)'s heightened pleading requirement, a party asserting the affirmative defense of inequitable conduct must provide "the particularized factual bases" for the alleged conduct.[4]

---

[3] The Court cites to the United States Court of Appeals for the Federal Circuit because the Federal Circuit has appellate jurisdiction of patent appeals.  See *Fla. Prepaid Postsecondary Edu. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 651 (1999)

[4] Whether inequitable conduct has been properly pleaded under Rule 9(b) is governed by the precedents of the Federal Circuit because it "pertains to or is unique to patent law."  *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (quoting *Intel Corp. v. Commonwealth Sci. & Indus. Research Org.*, 455 F.3d 1364, 1369 (Fed. Cir. 2006)). .

*Exergen*, 575 F.3d at 1327.

To prove inequitable conduct, an alleged infringer must demonstrate that when applying for a patent, a specific individual "(1) misrepresented or omitted material information, and (2) did so with specific intent to deceive the PTO." *Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*, 651 F.3d 1318, 1334 (Fed. Cir. 2011) (citing *Therasense*, 649 F.3d at 1287); *see also Exergen*, 575 F.3d at 1328-29. Information is material if the patent would not have been issued but for the misstatement or omission. *Therasense*, 649 F.3d at 1291-92. Intent can be averred generally, and is shown by specific facts from which the Court could reasonably infer that the alleged infringer acted with the requisite scienter. *Exergen*, 575 F.3d at 1327-29. Mere negligence is insufficient; instead, the pleading must show the accused infringer "acted with the specific intent to deceive the PTO." *Therasense*, 649 F.3d at 1290.

    a.  **Materiality**

The United States Court of Appeals for the Federal Circuit recently declared that "to plead the circumstances of inequitable conduct with the requisite particularity under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1328 (internal quotations omitted). It is unclear, however, whether *Exergen* also requires an alleged infringer to plead *why* the misrepresentation was material. Although not specifically listed as an element, *Exergen* nevertheless contains language indicating that a "why" element is required:

> [T]he pleading states generally that the withheld references are 'material' and 'not cumulative to the information already of record,' . . . but does not identify the particular claim limitations, or combination of claim limitations, that are

>
> supposedly absent from the information of record. Such allegations are *necessary to explain both 'why' the withheld information is material and not cumulative*, and 'how' an examiner would have used this information in assessing the patentability of the claims.

*Exergen*, 575 F.3d at 1329-30 (emphasis added).

This paragraph has led courts to include a "why" element in the analysis of inequitable conduct pleadings. *See, e.g.*, *Teva Neuroscience, Inc. v. Watson Labs., Inc.*, No. 10-5078, 2011 WL 741250, at *3 (D.N.J. Feb. 24, 2011); *Dura Operating Corp. v. Magna Int'l*, No. 10-11566, 2011 WL 869372, at *10-11 (E.D. Mich. Mar. 10, 2011); *Genentech, Inc. v. Trustees of the Univ. of Pa.*, No. 10-CV-02037, 2011 WL 1936136, at *4 (N.D. Cal. May 20, 2011); *SynQor v. Atesyn Techs., Inc.*, No. 2:07-CV-497-TJW-CE, 2010 WL 3860131, at *7-8 (E.D. Tex. Sept. 10, 2010), *adopted by* No. 2:07-CV-497-TJW-CE, 2010 WL 3860154 (E.D. Tex. Sep 28, 2010). *But see Johnson Outdoors Inc. v. Navico, Inc.*, 774 F. Supp. 2d 1191, 1198-99 (M.D. Ala. 2011) (holding there is no "why" requirement at the pleading stage); *Lincoln Nat'l Life v. Jackson Nat'l Life Ins. Co.*, No. 1:07-CV-265, 2010 WL 1781013, at *6-7 (N.D. Ind. May 3, 2010) (collapsing "why" element into "how" element).

Although *Exergen* requires parties to plead who, what, when, where, how, and why in order to meet the Rule 9(b) standard, it is unclear whether courts should analyze these elements within an analysis of the materiality prong, or whether courts should discuss the elements separately from materiality. After *Exergen*, at least one court analyzed materiality by considering the "what," "when," "where," "why," and "how" of the inequitable conduct, but broke out the "who" element into a separate analytical section. *SynQor*, 2010 WL 3860131, at *7-9. Another court considered all six *Exergen* elements in its analysis of materiality. *Dura Operating*, 2011 WL 869372, at *10-11. Still another court indicated that only the "how" element is relevant to

7

the materiality prong, and analyzed the "who," "what," "when," and "where" elements as separate factors. *Johnson Outdoors*, 774 F. Supp. 2d at 1196-99; *Lincoln Nat'l Life*, 2010 WL 1781013, at *6-7.

The Court assumes without deciding that all six Exergen pleading elements inform whether Plaintiffs have properly pleaded materiality, and should not be analyzed separately from materiality. The Court analyzes materiality and addresses the *Exergen* elements in turn.

### i. "Who"

"An inequitable conduct pleading must identify specific individuals, not corporations or labels such as 'attorneys,' that owed a duty of candor to the PTO and breached that duty." *SynQor*, 2010 WL 3860131, at *7 (citing *Avid Identification Sys., Inc. v. Crystal Imp. Corp.*, 603 F.3d 967, 974 n.1 (Fed. Cir. 2010); *Exergen*, 575 F.3d at 1329); *see also Aventis Pharm. S.A. v. Amphastar Pharma. Inc.*, 525 F.3d 1334, 1352 (Fed. Cir. 2008) ("37 C.F.R. § 1.56 refers to the duty of candor and good faith possessed by '[e]ach *individual* associated with the filing and prosecution of a patent application.'"). Thus, the pleadings must contain the actual names of the individuals alleged to have made false statements to the PTO. *See Dura Operating*, 2011 WL 869372, at *11 (citing *Exergen*, 575 F.3d at 1329) ("According to *Exergen*, the inequitable conduct claim must allege a specific person, not a corporation, who committed the material misrepresentation or omission."); *Oracle Corp. v. DrugLogic, Inc.*, No. C 11-00910 JCS, 2011 WL 3443889, at *11 (N.D. Cal. Aug. 8, 2011) (holding general allegations "will not suffice" when alleging the "who" element).

In *Exergen*, the Federal Circuit refused to find that the "who" element had been met when "the pleading 'refer[red] generally to 'Exergen, its agents and/or attorneys,' . . . but fail[ed] to

name the specific individuals." *Exergen*, 575 F.3d at 1329 (citing 37 C.F.R. § 1.56(a) & (c)). Similarly, in this case, Plaintiffs simply state that "Defendant" made false statements to the PTO. Answer ¶ 57. Thus, as in *Exergen*, Plaintiffs merely name Defendant generally, and fail to state the names of specific individuals who engaged in the allegedly inequitable conduct. Plaintiffs have therefore not met the "who" requirement.

### ii. "What," "when," and "where"

An inequitable conduct pleading must "identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found." *Exergen*, 575 F.3d at 1329. In cases involving failure to disclose prior art, including the instant case, "the inequitable conduct pleading must identify what is the prior art, where in the prior art is the material information, and which claim limitations in the patent is the material information relevant to." *Dura Operating*, 2011 WL 869372, at *11 (citing *Exergen*, 575 F.3d at 1329). Further, an alleged infringer must state when misrepresentations or omissions regarding prior art patents were made to the PTO. *Johnson Outdoors*, 774 F. Supp. 2d at 1197-98.

Here, Plaintiffs contend that "Defendant made false representations to the United States Patent and Trademark Office, including declaring it was the original and first inventor of the Tres Leches pourable dessert mix despite prior public use of the invention, and failure to disclose prior arts." Answer ¶ 57. However, Plaintiffs do not identify what prior art was omitted, what part of the prior art contained material information, when the false representations or omissions were made, or the omissions' relevance to any specific claims or claim limitations of the '362

patent,'485 patent, or '208 patent.  Thus, Plaintiffs' defense is deficient as to the "what," "when," and "where" elements.  *See Oracle*, 2011 WL 3443889, at *11 (holding alleged infringer did not meet the 'what' and 'where' requirements when it failed to "specifically identify" any of a patent's claims or limitations in those claims to which the omissions were relevant).

### iii.     "How" and "why"

The pleadings must also allege facts sufficient to show why the alleged misstatements or omission were material and how the examiner would have used the information in assessing the patentability of the claims.  *Exergen*, 575 F.3d at 1329.  Plaintiffs' Answer utterly fails to include any facts related to these elements.

In short, Plaintiffs have failed to plead the any of the elements described in *Exergen*.  *See Exergen*, 575 F.3d at 1327-30.  Plaintiffs have therefore not plead materiality with the requisite particularity required by Rule 9(b).

### b.     Specific intent

In order to successfully plead intent under Rule 9(b), Plaintiffs must "include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen*, at 1328-29.  The Court need not address intent, however, since Plaintiffs' failure to plead materiality is fatal to their affirmative defense.  *See Exergen*, 575 F.3d at 1330

However, the Courts notes that Plaintiffs have not advanced any facts that would allow the Court to infer either knowledge or intent.  Instead, Plaintiffs assert the defense on "information and belief." Answer ¶ 57.  Pleading intent on "information and belief" can be

acceptable under Rule 9(b) when another party has control of essential information; nevertheless, the pleading must still include "the specific facts upon which the belief is reasonably based." *Exergen*, 575 F.3d at 1330-31.  Here, Plaintiffs have not set forth any facts describing the information or the belief upon which their defense is based.

      **c.**  **Conclusion**

   In sum, Plaintiffs have failed to include facts describing the specific who, what, when, where, why, and how of the inequitable conduct.  *See Exergen*, 575 F.3d at 1327-30. Accordingly, the Court finds that Plaintiffs have failed to plead the defense of inequitable conduct with the specificity required by Rule 9(b).

   The Court notes that a failure to meet Rule 9(b)'s heightened pleading standard may not automatically compel the Court to strike Plaintiffs' affirmative defense.  Motions to strike are extremely disfavored. *Kaiser*, 677 F.2d at 1057.  Indeed, another district court in this circuit has held that a motion to strike should only be granted if allowing the defense to remain would be prejudicial, even if the defense failed to meet the pleading standards of the Federal Rules of Civil Procedure. *Abene*, 802 F. Supp. 2d at 723-24.

   However, the Court considers the tension between Rule 9(b)'s heightened pleading standard and Rule 12(f)'s disfavored status in light of the Federal Circuit's disfavor of the inequitable conduct defense.  Charging inequitable conduct is a common litigation and discovery tactic, as the defense may "spawn antitrust and unfair competition claims," as well as potentially abrogate the attorney-client privilege. *Therasense*, 649 F.3d at 1289.  Further, "[d]efending against an allegation of inequitable conduct can consume enormous resources" and "allow[] the accuser to embark on wide-ranging discovery." *See Chiron Corp. v. Abbott Labs.*, 156 F.R.D.

219, 221 (N.D. Cal. 1994). These benefits have led to the over-assertion of inequitable conduct, causing the Federal Circuit to describe the defense as an "absolute plague." *Therasense*, 649 F.3d at 1289 (quoting *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988)); *see also Molins PLC v. Testron, Inc.*, 48 F.3d 1172, 1182 (Fed. Cir. 1995) ("[U]njustified accusations of inequitable conduct are offensive and unprofessional. . . . They should be condemned."); *FMC Corp. v. Manitowoc Co., Inc.*, 835 F.2d 1411, 1414-25 (Fed. Cir. 1987) ("'Inequitable conduct' is not, or should not be, a magic incantation to be asserted against every patentee."). Rule 9(b)'s heightened standard, therefore, is applied to prevent unjustified accusations of inequitable conduct. *See Chiron*, 156 F.R.D. at 221-22.

The Court holds that Plaintiffs' failure to meet the requirements of Rule 9(b) justifies striking Plaintiffs' inequitable conduct defense in this instance. Although motions to strike are disfavored, so are unsubstantiated assertions of the inequitable conduct defense. Defendant's Motion is therefore granted.

        **2.**       **Leave to amend**

Plaintiffs have not filed a formal motion for leave to amend. Instead, Plaintiffs' Response incorporates a request that the Court grant them leave to amend their defense. Resp. 4-6. The Fifth Circuit "generally will not construe unelaborated, nested requests for amendment as motions to amend." *Cent. Laborers' Pension Fund v. Integrated Elec.*, 497 F.3d 546, 556 (5th Cir. 2007). However, because Plaintiffs' nested request includes some new information and is therefore "not devoid of any indication of the grounds for amendment," the Court will construe it as a motion to amend. *Id.*

Plaintiffs argue that their inequitable conduct pleading can be cured by adding facts.

Resp. 5-6. Specifically, Plaintiffs claim to have information regarding a number of allegedly material prior arts, including another one of Defendant's products, which were not disclosed to the PTO. Resp. 5-6. Plaintiffs seek leave to amend the Answer and incorporate these facts to cure the current pleading's lack of specificity. Resp. 5-6.

Defendant, however, argues that granting leave to amend would be futile and contrary to the intentions of Rule 9(b). Reply 3-4. In Defendant's view, Plaintiffs have not shown that the pleading's deficiencies can be cured. Reply 4. Further, Defendant argues that Rule 9(b)'s purpose is to prevent unnecessary discovery and reputational harm to those improperly accused of fraud. Reply 3. According to Defendant, allowing Plaintiffs to amend would improperly provide Plaintiffs with a broader opportunity "to launch a fishing expedition into extensive and unwarranted discovery." Reply 4.

Federal Rule of Civil Procedure 15(a) makes it clear that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This liberal standard, however, is circumscribed by factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous amendments, undue prejudice to the opposing party, and futility of amendment.[5] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Here, Defendant claims that amendment would be futile. Reply 3-4.

The Fifth Circuit interprets "futility" to mean that the amended pleading would "fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Thus, in considering a motion to amend, courts analyze whether the moving party's proposed amendment could survive a motion to dismiss under Rule 12(b)(6).

---

[5]  Unlike questions about the sufficiency of inequitable conduct pleadings, requests for leave to amend are procedural in nature and governed by the law of the regional circuit. *See Exergen*, 575 F.3d at 1318.

*Wright Asphalt Prods Co., LLC v. Pelican Ref.*, No. H-09-1145, 2011 WL 2037631, at *5 (S.D. Tex. May 20, 2011) (quoting *Stripling*, 234 F.3d at 873) (applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)" to a motion for leave to amend to add the inequitable conduct defense); *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 626 (E.D. Tex. 2007) (applying *Stripling* to a motion for leave to add an inequitable conduct claim).

To survive a Rule 12(b)(6) review, pleadings must typically assert a claim that meets the pleading standard of Rule 8. *See* Fed. R. Civ. P. 12(b)(6); *Wright Asphalt*, 2011 WL 2037631, at *5. However, as discussed above, Rule 9(b)'s heightened pleading standard applies to an inequitable conduct defense. Defendant argues that Plaintiffs have failed to show that an amended pleading could meet Rule 9(b)'s exacting standards. *See* Reply 3-4.

Plaintiffs' motion to amend briefly describes the prior arts that Defendant allegedly failed to disclose to the PTO. Resp. 6-7. Plaintiffs also include exhibits consisting of pictures of the packaging of Defendant's "Grand American Premium Whip Topping"; a copy of the patent for an ice cream mix, United States Patent No. 2,619,422; and a photocopy of a recipe for "Pastel Tres Leches" that appears to have come from a cook book. Resp. App. 2, ECF No 13-2; Resp. App. 3, ECF No. 13-3; Resp. App. 4, ECF No. 13-4. Further, Plaintiffs claim that Rich Products "and the original inventor" were the parties that failed to disclose material prior arts to the PTO. Resp. 6.

However, Plaintiffs still fail to allege the names of the specific individuals who made the alleged misrepresentations or omissions to the PTO, why the alleged misstatements or omissions were material, when the misstatements or omissions were made, how the examiner would have used the information in assessing the patentability of the claims, and the misstatements or omissions' relevance to any of the patents' claims or limitations. Further, Plaintiffs have not

14

proposed any additional facts regarding intent to deceive the PTO.

Because Plaintiffs have failed to demonstrate that the proposed additional facts would meet Rule 9(b)'s requirements, Plaintiffs have failed to state a defense of inequitable conduct. However, the Court does not believe that this should result in a dismissal of the motion to amend with prejudice to refiling. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (explaining that courts should dismiss pleadings without prejudice to refiling unless the pleading is "simply incurable").  While Plaintiffs' additions, as written, are insufficient to meet the Rule 12(b)(6) standard, the Court is not convinced that Plaintiffs could not prevail on a motion for leave to amend if given an opportunity to refile. Therefore, Plaintiffs' motion for leave to amend is denied without prejudice to refiling before the deadline to amend the pleadings.

### III.  CONCLUSION

For the foregoing reasons, Defendant Rich Products Corporation's "Motion to Dismiss Affirmative Defense of Inequitable Conduct," ECF No. 11, is **GRANTED**.

Further, Plaintiff's motion to amend, ECF No. 13, is **DENIED** without prejudice to refiling.

**SO ORDERED**.

SIGNED on this 8th day of February, 2012.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE